2018 IL App (2d) 160919
No. 2-16-0919
Opinion filed December 20, 2018

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kendall County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 14-CF-289 |
| MICHAEL A. NAJAR, | ) ) ) | Honorable Timothy J. McCann, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.
Justices McLaren and Spence concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Michael A. Najar, appeals his conviction of unlawful failure to report as a sex

offender under section 6 of the Sex Offender Registration Act (Act) (730 ILCS 150/6 (West

2014)).  Defendant contends that the trial court committed reversible error in denying his request

for two Illinois Pattern Jury Instructions where defendant asserted the affirmative defense of

mistake of fact and testified that he mistakenly believed that the required reporting date was after

the actual 90-day deadline.  For the reasons that follow, we affirm.

¶ 2                              I. BACKGROUND

¶ 3    Defendant was charged on September 22, 2014, with unlawful failure to register as a sex

offender under section 3(a) of the Act (730 ILCS 150/3(a) (West 2014)).  Defendant had

previously been convicted of aggravated criminal sexual abuse and was required to register every 90 days.

¶ 4    Defendant filed a discovery answer prior to trial in which he asserted the affirmative defense of mistake of fact.  On August 19, 2016, the State added a second count against defendant, alleging his violation of section 6 for knowingly failing to report as a sex offender on August 16, 2014.

¶ 5    On August 22, 2016, defendant's jury trial began.  The State dismissed the count alleging a violation of section 3(a) and proceeded on the count alleging a violation of section 6.  The State called Detective Caleb Waltmire to testify.

¶ 6    Waltimire's duties with the Kendall County Sheriff's Office included completing sex-offender registration forms with registrants and investigating those in violation of the Act.  On May 16, 2014, defendant reported to the sheriff's office as required under the Act.  Waltmire filled out a sex-offender registration form with defendant.  Defendant was given a copy of the registration form upon its completion.

¶ 7    The State then introduced People's Exhibit No. 1, defendant's registration form completed on May 16, 2014.  The second page of the two-page form has a space for defendant's signature.  Above the signature space, the form reads as follows:

> "I HAVE READ AND/OR HAD READ TO ME, THE ABOVE REQUIREMENTS.  IT HAS BEEN EXPLAINED TO ME AND I UNDERSTAND MY DUTY TO REGISTER ON OR BEFORE 8/16/2014."

Waltmire testified that defendant signed the form in his presence and then left the sheriff's office with a copy of the form while Waltmire kept the original.

¶ 8    On September 2, 2014, Waltmire began an investigation of defendant for his failure to report. Defendant had failed to report to the sheriff's office or any other law enforcement agency by August 16, 2014. Defendant was not at his home address when Waltmire attempted to contact him on September 2. Waltmire left a card at the residence with instructions for defendant to contact him. On September 3, 2014, defendant went to the sheriff's office and completed a registration form with Waltmire.

¶ 9    Following Waltmire's testimony, outside the presence of the jury, the trial court admitted People's Exhibit Nos. 3, 4, and 5. People's Exhibit No. 3 is a certified copy of defendant's July 19, 2000, conviction of aggravated criminal sexual abuse. People's Exhibit No. 4 is a certified copy of defendant's August 24, 2009, conviction of failure to notify of a change of address in accordance with section 6 of the Act. People's Exhibit No. 5 is a certified copy of defendant's March 30, 2006, conviction, also of failure to notify of a change of address in accordance with section 6. The State then rested its case.

¶ 10    Following the trial court's denial of defendant's motion for a directed verdict, defendant testified in his own defense. On direct examination, defendant acknowledged meeting with Waltmire and completing a registration form on May 16, 2014. He received a copy of the form and, because he had recently moved and had not fully unpacked, placed it in a filing cabinet. On September 3, 2014, he contacted Waltmire, who told him to come to the sheriff's office, as he was in violation of his duty to report as a sex offender. Defendant told Waltmire that he forgot to report, as he "got the days confused." Defendant testified that he thought the reporting date was not until later in September.

¶ 11    On cross-examination, defendant acknowledged his signature on the May 16, 2014, registration form, which indicated August 16, 2014, as his next required reporting date. He said

he "probably wasn't" mistaken about the reporting date when he left the sheriff's office but "just didn't look at it." Defendant did not write down or otherwise memorialize the reporting date, although he admitted that nothing prevented him from doing so. The State then asked defendant whether he "knew August 16th was the next date?" Defendant answered that he did. He also acknowledged that he knew the consequences of failing to report by the deadline.

¶ 12 On redirect examination, defendant said that he failed to report because he thought his move had occurred in June, not May. He calculated 90 days from June and thought that he had until sometime in September. On recross-examination, defendant admitted that he did not move in June.

¶ 13 Following defendant's testimony and the trial court's denial of another motion for a directed verdict, the trial court held a jury-instruction conference with the parties. Defendant tendered defendant's instruction Nos. 2 and 3. Defendant's instruction No. 2, based on Illinois Pattern Jury Instructions, Criminal, No. 24-25.24 (4th ed. 2000) (hereinafter IPI Criminal 4th), provided: "A defendant's mistake as to a matter of fact is a defense if the mistake shows that the defendant did not have the knowledge necessary for the offense charged." Defendant's instruction No. 3, based on IPI Criminal 4th No. 9.43H, provided:

"To sustain the charge of Failure to Report pursuant to the Sex Offender Registration Act, the State must prove the following propositions:

First Proposition: That the defendant is a sex offender; and

Second Proposition: That the defendant knowingly failed to report in person to the law enforcement agency with whom he last registered no later than 90 days after the date of his last registration; and

*Third Proposition: That the defendant was not mistaken as to a matter of fact that would show he did not have the knowledge necessary for the offense charged.*

If you find from your consideration of all of the evidence that each of these propositions has been proven beyond a reasonable doubt, you should find the defendant guilty[.]

If you find from your consideration of all the evidence that any of these propositions has not been proven beyond a reasonable doubt, you should find the defendant not guilty." (Emphasis added.)

¶ 14 The trial court denied defendant's instruction Nos. 2 and 3 by stating:

"I don't see [defendant's memory lapse] as a mistake of fact. I see it as a knowledge issue. So I'm inclined to *** deny Defendant's [instruction Nos.] 3 and 2 because I don't think that the fact that he was given the proper information but forgot it makes it a mistake of fact. *** I think it goes to his issue of whether he knowingly failed to register. That's subject to a different instruction."

¶ 15 Following closing arguments, the jury returned a guilty verdict. On September 6, 2016, defendant filed a posttrial motion claiming, in part, that the trial court erred in denying defendant's instruction Nos. 2 and 3. On October 27, 2016, defendant's posttrial motion was heard and denied. Defendant was sentenced to 42 months in prison. This appeal followed.

¶ 16 II. ANALYSIS

¶ 17 Defendant's sole contention in this appeal is that the trial court abused its discretion in denying defendant's instruction Nos. 2 and 3. Defendant argues that he presented some evidence to support the mistake-of-fact defense and thus was entitled to mistake-of-fact jury instructions.

¶ 18    "The purpose of jury instructions is to provide jurors with correct principles of law that apply to the evidence that has been submitted to them." *People v. Bauer*, 393 Ill. App. 3d 414, 423 (2009). "A defendant is entitled to an instruction on his theory of the case if there is some foundation for the instruction in the evidence, and if there is such evidence, it is an abuse of discretion for the trial court to refuse to so instruct the jury." *Id*. Where the instructions are not supported by the evidence or the law, the instructions should not be given to the jury. *Id*. In determining whether the trial court abused its discretion, a reviewing court must review the relevant evidence. *People v. McDonald*, 2016 IL 118882, ¶ 32. An abuse of discretion occurs where the trial court's decision is arbitrary, fanciful, or unreasonable to the degree that no reasonable person would agree with it. *Id*.

¶ 19    Defendant argues that this court's holding in *People v. Atherton*, 261 Ill. App. 3d 1012, 1016 (1994), necessitates reversing defendant's conviction. In *Atherton*, the defendant was charged with burglary and his theory of the case was mistake of fact where he testified that he mistakenly thought he was helping another person move. The defendant's landlord also testified that the defendant was asked to help the person move. The defendant asked for a jury instruction on mistake of fact, and the trial court denied his request. *Id.* at 1015-16. On appeal, this court held that the trial court abused its discretion in denying the instruction, because there was some foundation in the evidence to support his theory. *Id*. at 1016. We noted that there was nothing inherently unbelievable about the defendant's testimony that he thought he was helping another person move, which the defendant's landlord's testimony bolstered. *Id*. at 1018.

¶ 20    The present case is distinguishable from *Atherton*. Here, defendant's testimony that he was mistaken about the August 16, 2014, reporting date was not legally tenable. Defendant acknowledged his signature on the May 16, 2014, registration form, which indicated August 16

as his next required reporting date. He said he "probably wasn't" mistaken about the reporting date when he left the sheriff's office on May 16 but "just didn't look at it." He admitted that he filed the form away, as he was still unpacking from his move. When the State then asked defendant whether he knew that August 16 was the next reporting date, he said that he did. Further, unlike in *Atherton*, defendant presented no evidence to corroborate any belief that the reporting date was sometime later than August 16. If anything, defendant's testimony amounts to a long-winded explanation of how he forgot to report. The trial court correctly determined that what allegedly occurred was a lapse of memory and not a mistake of fact.

¶ 21    Additionally, defendant argues that *People v. Nash*, 282 Ill. App. 3d 982 (1996), confirms his position that the trial court erred in denying defendant's instruction Nos. 2 and 3. In *Nash*, the defendants were charged with violating the Timber Buyers Licensing Act (225 ILCS 735/5(b) (West 1992)) by knowingly taking another person's timber without consent. *Nash*, 282 Ill. App. 3d at 983. The defendants said that they were attempting to cut down trees belonging to a neighboring property and claimed a mistake of fact. *Id*. at 983-84. Their belief that the trees belonged to the neighboring property was based on information received from the neighboring property's owner. *Id*. Although there was a litany of available information delineating the two properties' boundary lines, the defendants were not aware that they were cutting down trees on the wrong property. *Id*. The defendants were ultimately convicted of violating the Timber Buyers Licensing Act. *Id*. at 985.

¶ 22    On appeal, the court overturned the defendants' convictions. The court held that, where a statute requires the accused to have acted knowingly, "a mistake of fact constitutes a valid defense if that mistake negates the requisite knowledge." *Id*. The court went on to say that "[t]he term 'knew or should have known' is commonly used in civil cases; however, it should

not be equated with the requisite mental state of 'knowledge' in criminal prosecutions." *Id*. at 986. The court held that, although the defendants perhaps should have further investigated the boundaries of the two properties, their failure to do so would amount to an issue of civil liability rather than criminal culpability based on knowledge. *Id*. at 987.

¶ 23 *Nash* is inapposite to the present case. Here, defendant's testimony and acknowledgement memorialized on the May 16, 2014, registration form illustrate his actual knowledge of the next reporting date. In other words, the question is not whether defendant should have known that he was required to report by August 16, 2014, but, rather, whether forgetting his actual knowledge amounts to a mistake of fact. We hold that it does not.

¶ 24 "A person's ignorance or mistake as to a matter of either fact or law *** is a defense if it negatives the existence of the mental state which the statute prescribes with respect to an element of the offense." 720 ILCS 5/4-8(a) (West 2014). As described above, defendant was not ignorant or mistaken as to the fact that he needed to report by August 16, 2014. Defendant signed the registration form acknowledging his duty to report by that date, and he admitted in his testimony that he was aware of the consequences of failing to do so. His forgetfulness did not negative the existence of his admitted knowledge of that date when he left the sheriff's office on May 16, 2014. Therefore, the trial court's denial of defendant's instruction Nos. 2 and 3 was not an abuse of discretion, as the evidence was insufficient to support a mistake-of-fact defense.

¶ 25                                     CONCLUSION

¶ 26 The judgment of the circuit court of Kendall County is affirmed.

¶ 27 Affirmed.